IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHLEEN A. CUNNINGHAM | § § § | |
| v. | § | CIVIL NO. 4:07cv36 |
| | § § | |
| MARY E. PETERS, SECRETARY, U.S. DEPARTMENT OF TRANSPORTATION | § § § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant's Motion to Consolidate and Transfer (Dkt. 9) and Defendant's Motion for Hearing on the Motion to Consolidate and Transfer (Dkt. 18). The Court is of the opinion that the motion to transfer should be GRANTED. Defendant's motion for hearing is DENIED. Further, the Court finds that the motion to consolidate should be DENIED without prejudice to refiling once the case has been transferred.

Defendant seeks to transfer this case from the United States District Court for the Eastern District of Texas, Sherman Division, to the United States District Court for the Northern District of Texas, Fort Worth Division.

The basis for federal jurisdiction here is federal question jurisdiction, namely Plaintiff's claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. According to the venue provisions contained in the Civil Rights Act, "[s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant

1

to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3).

In this case, Plaintiff was employed by the F.A.A. She claims that, while employed by the F.A.A., she bid on an F.A.A. announcement for a new analyst position, but that the announcement was cancelled after Sylvia Borrego, a Hispanic F.A.A. employee, was selected for a different analyst position. The position for which Plaintiff submitted a bid was not filled because the announcement for it was cancelled after Ms. Borrego was selected for her position. According to Defendant, Ms. Borrego was reassigned from an analyst position in Oklahoma to the new analyst position in Fort Worth, eliminating the need for a new position. The position under the cancelled announcement would have been for employment in Euless, Texas. Plaintiff (who is Caucasian), makes employment discrimination claims under Title VII based on her race.

Defendant seeks transfer under 28 U.S.C. § 1406, arguing that Title VII does not provide for venue in the Eastern District of Texas. In the alternative, Defendant seeks a transfer of venue pursuant to 28 U.S.C. § 1401(a) for the convenience of the parties and in the interests of justice. Additionally, Defendant seeks to have this matter consolidated with another case pending in this Court, *Yett v. U.S. Department of Transportation*, Cause Number 4:06cv473, in which another applicant for the same position asserts discrimination claims.

## ANALYSIS

Because Section 2000-e5(f)(3) outlines several provisions under which venue here could be proper, the Court will examine each to determine whether venue is improper in the Eastern District.

- **The judicial district in which the employment records relevant to such practice are maintained and administered.**

According to Defendant, the documents relating to Plaintiff's claims are located in the Northern District of Texas, Washington D.C., or Oklahoma. Therefore, there is nothing before the Court to indicate any relevant records are maintained or administered in the Eastern District of Texas, and venue cannot be conferred under this subsection.

- **The judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.**

Here, it is undisputed that Plaintiff applied for a position in Euless, Texas which is in the Northern District of Texas, Fort Worth Division. Therefore, this subsection does not confer venue in this district.

- **Any judicial district in the State in which the unlawful employment practice is alleged to have been committed.**

It is this subsection to which the parties dedicate the greatest attention and argument. Plaintiff argues that, even if none of the events giving rise to her suit occurred in the Eastern District of Texas, as long as they occurred somewhere in Texas (a state with four separate judicial districts), venue is proper under the statute. Defendant argues that Plaintiff's interpretation of the statute is far too broad. Defendant argues that this subsection is not intended to confer venue in a district which

has no relation whatsoever to the alleged employment action.

In interpreting this subsection of Section 5000e-5(f)(3), this Court has held that "venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful employment practices occurred." *Adams v. Cal-Ark International, Inc.*, 159 F. Supp.2d 402, 409 (E.D. Tex. 2001); *see also Equal Employment Opportunity Commission v. Mustang Mobile Homes, Inc.*, 88 F. Supp.2d 722, 724 (W.D. Tex. 1999). While the Fifth Circuit has expressed some concern with such a broad reading of the statute, there is no authority holding that it should not be read as it is written – broadly. *See In re Horseshoe Entm't*, 377 F.3d 429, 435 (5th Cir. 2003). Therefore, (while the Court finds that Defendant's argument regarding the intended narrow interpretation of the statute has some appeal), because Plaintiff and Defendant agree that the employment practices at issue occurred, at least in part, in Texas, the court finds that, without clear authority to the contrary, venue under Title VII is likely proper in this district.

**Convenience**

Nonetheless, the Court need not determine the scope of the venue statute in order to find that this case should be transferred to the Northern District of Texas. In addition to arguing that venue is not proper under 42 U.S.C. § 2000e-5(f)(3), Defendant seeks transfer of venue to the Northern District for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

When considering a motion to transfer venue under Section 1404, a district court should consider a number of private and public interest factors, none of which are dispositive. *In re Volkswagen*, 506 F. 3d 376, 380 (5th Cir. 2007) (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (internal citations and quotations omitted).

The Court finds that, even if Section 5000e-5(f)(3)'s provisions are intended to be read broadly such that Plaintiff's case could be brought in any of the four judicial districts in Texas regardless of its lack of connection to them, the convenience of the parties mandates transfer to the Northern District of Texas, Fort Worth Division.

Primarily, the place of the alleged wrong is either Euless (where the position Plaintiff applied for was to be filled) or Washington D.C. (where at least some of the decisions regarding the filling of the position were made). Euless is in the Fort Worth Division of the Northern District of Texas. Of these two, the Court finds the Fort Worth Division to be more convenient for all involved, especially Plaintiff.

5

The key witnesses work primarily in Fort Worth and Washington, D.C. There is no evidence or allegation before the Court that any work or live in the Eastern District, Sherman Division. The Court agrees that The Northern District, Fort Worth division is certainly more convenient for those witnesses who work or live in Fort Worth, and the Court agrees it is a more convenient venue for those witnesses traveling from Washington D.C., as D.F.W. Airport is located in between Dallas and Fort Worth to facilitate such national travel. There is no national or international airport that would be closer to Sherman than D.F.W. Airport is close to Forth Worth.

Plaintiff concedes that travel to Sherman would inconvenience Defendant's witnesses, but claims that she lives closer to Sherman than Forth Worth. Plaintiff never states where precisely she lives in her response, so this Court is unable to truly evaluate the convenience of her travel to Sherman compared to Fort Worth. Plaintiff has essentially argued that travel to Sherman is not much worse for the witnesses than travel to Fort Worth and that Sherman is relatively convenient for travel from the Dallas/Fort Worth area. Nonetheless, the Court finds that inconvenience to numerous witnesses, some of whom are from outside of Texas, outweighs the alleged (although not substantiated or specified) inconvenience to her in traveling to Fort Worth.

Additionally, the employment records relating to the cancellation of the job announcement and to the filling of a different position are in the Northern District of Texas or Washington D.C. Official personnel records for employees, including Plaintiff, are maintained in Oklahoma. No records are maintained in Sherman or the Eastern District of Texas.

The Court does not find Plaintiff's argument that this District is known for more expeditious resolution of cases a convincing reason to find venue is convenient. As evidenced by the length of

6

time this motion has been pending, this district, like all districts, has a full, if not overloaded, docket and there is no guarantee that Plaintiff's case would be tried here any more quickly than if it were to proceed in the Northern District. The Court notes that all courts in all districts work very hard to ensure prompt and efficient resolutions of disputes. Transfer will not prevent that here.

Additionally, while there is no apparent issue with conflict of laws or familiarity of the law, the remaining public interest factors certainly weigh in favor of transfer. The interests involved here have a far greater connection to the Northern District of Texas than the Eastern District. The position which Plaintiff applied for was in the Fort Worth area and therefore most directly affected economic interests there. Those interests should be decided in the Northern District without causing any further unwarranted congestion to the Court's docket in this district.

In sum, according to the record before the Court, this suit has no connection whatsoever to the Eastern District of Texas. The position which forms the basis of Plaintiff's suit was for a position in the Northern District, and Plaintiff works, or at the time of the incident worked, in the Northern District. Plaintiff claims she resides closer to Sherman than Fort Worth, but she does not claim to reside _in_ Sherman. Indeed, it does not even appear she resides in the Eastern District. Further, none of the documents or witnesses are alleged to be located here. Rather, some are in Fort Worth (with the remainder in either Washington D.C. or Oklahoma). Plaintiff's counsel is in Dallas; Defendant's counsel (who is currently in Tyler, which, although it is in the same district, is more than 129 miles from Sherman) will be apparently in Fort Worth should the case be transferred there, making transfer more convenient at least for Defendant's counsel, if not Plaintiff's too. As for districts within the state of Texas, the Northern District, Fort Worth Division is the most convenient.

Convenience mandates that her claims go forward there. The Court recognizes that plaintiffs have a right to choose the forum in which their dispute is to be litigated, but there is nothing before the Court to show why this district is a district of greater convenience, and there is significant information before the Court showing why the Fort Worth Division is. As the Fifth Circuit Court of Appeals has recently explained: "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *In re Volkswagen*, 506 F. 3d at 384.

The Court finds that the Northern District of Texas, Fort Worth Division is a more convenient venue. Therefore, in the interests of justice, the Court recommends that this case be transferred to that district.

**Consolidation**

Defendant also requests that this cause be consolidated with the claims of another individual who was denied the position at issue. Because consolidation is largely a matter of discretion and in part a way for a court to manage its own docket, this Court declines to address Defendant's consolidation arguments. It is better left for the Court which is hearing the matter to determine whether consolidation will foster judicial economy as to its docket. The parties may raise any consolidation arguments before the transferee court. Therefore, at this time, the motion to consolidate is denied without prejudice to refiling it once transfer of venue is complete.

**Recommendation**

Based on the foregoing, the Court recommends that Defendant's Motion to Consolidate and Transfer (Dkt. 9) be GRANTED in part and that this cause be transferred in its entirety to the

Northern District of Texas, Fort Worth Division. The Court further recommends that the motion to consolidate be DENIED without prejudice to refiling it once transfer of venue is complete.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 21st day of December, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

9